**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELIZABETH NORRIS, | ) NO. CV 07-02741-SS |
| | ) |
| Plaintiff, | ) |
| | ) **MEMORANDUM DECISION AND ORDER** |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

Plaintiff seeks review of Defendant's decision denying her disability benefits. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c).

This matter is before the Court on the parties' Joint Stipulation ("Jt. Stip."). For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED for further proceedings.

## THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity[1] and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. § 404.1520. The steps are:

(1)  Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is found not disabled. If not, proceed to step two.

(2)  Is the claimant's impairment severe?  If not, the claimant is found not disabled.  If so, proceed to step three.

(3)  Does the claimant's impairment meet or equal one of a list of specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is

---

[1]  Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit.  20 C.F.R. § 404.1510.

found disabled.  If not, proceed to step four.

(4)  Is the claimant capable of performing his past work?  If so, the claimant is found not disabled.  If not, proceed to step five.

(5)  Is the claimant able to do any other work?  If not, the claimant is found disabled.  If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); 20 C.F.R. § 404.1520(a)(4).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante, 262 F.3d at 953-54 (citing Tackett).  Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry.  Id. at 954.  If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity,[2] age, education, and work experience.  Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520(g).  The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart

_____

[2]   Residual functional capacity is "the most [one] can still do despite [his] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. § 404.1545(a).

P, Appendix 2 (commonly known as "the Grids"). <u>Osenbrock v. Apfel</u>, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing <u>Tackett</u>). When a claimant has both exertional (strength-related) and nonexertional limitations, the Grids are inapplicable, and the ALJ must take the testimony of a vocational expert. <u>Moore v. Apfel</u>, 216 F.3d 864, 869 (9th Cir. 2000) (citing <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1340 (9th Cir. 1988)).

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. <u>Aukland v. Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing <u>Tackett</u>, 180 F.3d at 1097); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1279 (9th Cir. 1996) (citing <u>Fair v. Bowen</u>, 885 F.2d 597, 601 (9th Cir. 1989)).

"Substantial evidence is more than a scintilla, but less than a preponderance." <u>Reddick</u>, 157 F.3d at 720 (citing <u>Jamerson v. Chater</u>, 112 F.3d 1064, 1066 (9th Cir. 1997)). It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." <u>Id.</u> (citing <u>Jamerson</u>, 112 F.3d at 1066; <u>Smolen</u>, 80 F.3d at 1279). To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" <u>Aukland</u>, 257 F.3d at 1035 (citing <u>Penny v. Sullivan</u>, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not

4

substitute its judgment for that of the Commissioner.  Reddick, 157 F.3d at 720-21 (citing Flaten v. Sec'y, 44 F.3d 1453, 1457 (9th Cir. 1995)).

**DISCUSSION**

Plaintiff argues that the ALJ failed to provide specific and legitimate reasons for rejecting Plaintiff's treating doctors' opinions. Plaintiff also asserts that the ALJ failed to properly consider Plaintiff's subjective complaints.   This Court agrees with both arguments.

**A.   The ALJ Failed To Provide Specific and Legitimate Reasons For Rejecting The Treating Doctors' Opinions**

Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (as amended).  Even if the treating physician's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing specific, legitimate reasons, supported by substantial evidence in the record. Id.  The opinions of treating physicians are entitled to special weight because the treating physician is hired to cure and has a better opportunity to know and observe the claimant as an individual. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).

Two treating doctors limited Plaintiff to "less than sedentary work." (AR 21). The ALJ rejected their opinions and instead adopted the opinion of the medical expert, Dr. Jensen, who did not examine Plaintiff.

Generally, the opinions of examining physicians are afforded more weight than those of non-examining physicians. 20 C.F.R. § 404.1527(d)(1)-(2). In order for the non-examining expert's conclusions to constitute substantial evidence, such conclusions must rest on independent clinical findings. <u>Orn v. Astrue</u>, 495 F.3d 625, 632 (9th Cir. 2007). Independent clinical findings can be either (1) diagnoses that differ from those offered by another physician and that are supported by substantial evidence, or (2) findings based on objective medical tests that the treating physician has not herself considered. <u>Id.</u> (internal citations omitted).

Here, there were no independent clinical findings for Dr. Jensen to rely upon for his conclusions. As such, it was error for the ALJ to adopt his opinion over that of the treating physicians. The ALJ failed to provide specific and legitimate reasons to reject the treating doctors' opinions. Remand is required.

**B.    The ALJ Failed To Provide Clear and Convincing Reasons For Rejecting Plaintiff's Credibility**

Whenever an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, as it is here, the ALJ must make explicit credibility findings. <u>Rashad v. Sullivan</u>, 903 F.2d 1229, 1231

1  (9th Cir. 1990); see Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir.
2  1990) (implicit finding that claimant was not credible is insufficient).
3  Unless there is affirmative evidence showing that the claimant is
4  malingering, the ALJ's reasons for rejecting the claimant's testimony
5  must be "clear and convincing." Lester, 81 F.3d at 834.  As long as
6  plaintiff offers evidence of a medical impairment that could reasonably
7  be expected to produce pain, the ALJ may not require the degree of pain
8  to be corroborated by objective medical evidence.  Bunnell v. Sullivan,
9  947 F.2d 341, 346-47 (9th Cir. 1991) (en banc); Smolen v. Chater, 80
10  F.3d 1273, 1282 (9th Cir. 1996).

11

12       The ALJ failed to provide clear and convincing reasons to reject
13  Plaintiff's credibility.  First, he relied upon the absence of muscle
14  atrophy.    Although  Plaintiff  did  not  have  muscle  atrophy,  her
15  physicians' opinions about her limitations were consistent with her pain
16  testimony.  Thus, it is not clear that the absence of atrophy rendered
17  Plaintiff's pain testimony incredible.  Second, although the ALJ states
18  that the record does not support her migraine or cognitive deficit
19  reports, this is incorrect.  There is evidence in the record to support
20  these conditions.  (AR 82, 96 (headaches, flashing lights, migraines)).
21  Third, Plaintiff has received extensive treatment and surgery for her
22  back pain and related conditions.  It is not a fair characterization of
23  the record to find that she would seek "more aggressive treatment" if
24  she were truly in the pain she testified to -- her treatment was
25  "aggressive."  Finally, the Ninth Circuit has noted that it is improper
26  to hold a plaintiff's failure to lose weight against her in the
27  credibility evaluation.  See Orn, 495 F.3d at 636 ("In using Orn's
28  failure to lose weight as a basis for denying benefits, and in

1  concluding that this failure 'detracts  from his credibility,'the ALJ

2  both ignored a Social Security Ruling and misapplied our case law.").

3  Remand is required on this basis as well.

4

5                          **CONCLUSION**

6

7      Upon remand, the ALJ must re-evaluate the treating physicians

8  opinions and offer specific and legitimate reasons if he intends to

9  reject them.  The ALJ may further develop the record by retaining the

10  services of a consultative examiner who may offer his opinions after an

11  examination of Plaintiff.  Furthermore, the ALJ must re-evaluate

12  Plaintiff's credibility.  If he rejects Plaintiff's credibility, he must

13  offer clear and convincing reasons that are supported by the record.

14

15      Pursuant to sentence four of 42 U.S.C. § 405(g),[3] IT IS ORDERED

16  that Judgment be entered REVERSING and REMANDING the decision of the

17  Commissioner for further administrative proceedings consistent with this

18  decision.  The Clerk of the Court shall serve copies of this Order and

19  the Judgment on counsel for both parties.

20

21  DATED: February _14, 2008

22                                              /S/
                                    _____
23                                  SUZANNE H. SEGAL
                                    UNITED STATES MAGISTRATE JUDGE

24

25

26  _____

27      [3]    This sentence provides: "The [district] court shall have power
    to enter, upon the pleadings and transcript of the record, a judgment
28  affirming, modifying, or reversing the decision of the Commissioner of
    Social Security, with or without remanding the cause for a rehearing."